IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CONNIE SHORTER, Plaintiff

v.  No. 4:05CV77-P-B

CITY OF INDIANOLA, MISSISSIPPI; and
CARVER RANDLE, JR. and MONROE JONES,
in their individual and official
capacities, Defendants

## **REPORT AND RECOMMENDATIONS**

On June 1, 2005, this court issued a Revised Rule 16.1(A) Initial Order scheduling a telephonic Case Management Conference in this case for Friday, September 2, 2005 at 10:00 a.m. The Revised Order instructed counsel that no later than 21 days prior to the CMC – August 12, 2005 – they were to confer regarding the exchange of pre-discovery disclosures, scheduling and other matters. The order further instructed counsel that 14 days prior to the September 2 CMC – August 19, 2005 – they were to submit to the undersigned Magistrate Judge the requisite confidential settlement memo with counsel's candid appraisal of the case. The order also instructed plaintiff's counsel to initiate the telephonic conference on September 2.

Counsel for defendants called the undersigned Magistrate Judge at the appointed time and advised that they had received no communication from plaintiff's counsel nor had they been successful in attempts to communicate with him. Moreover plaintiff's counsel has failed to submit the confidential memo to the Magistrate Judge.

Without the participation of plaintiff's counsel in the preparation of a scheduling order it is problematic whether such an order would accomplish its intended result. Accordingly, as a

consequence of plaintiff's counsel's failure to comply with any provision of the Revised Order of June 1, 2005, the undersigned recommends that this case be dismissed without prejudice and further, that plaintiff's counsel, Derek L. Hall, be suspended from practicing in this court until he satisfactorily demonstrates to the court his commitment to abiding by and complying with the Local Rules and orders of this court.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5 Cir. 1996).

Respectfully submitted, this the 6th day of September, 2005.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE